**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Barbara Eichler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   15 C 6335 |
| | ) | |
| DNF Associates, LLC, a Delaware | ) | |
| limited liability company, and Everest | ) | |
| Receivable Services, Inc., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Barbara Eichler, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Barbara Eichler ("Eichler"), is a citizen of the State of Florida,

from whom Defendants attempted to collect a delinquent consumer debt that she

allegedly owed for a Credit One Bank credit card, despite the fact that she had

exercised her rights to refuse to pay the debt and to be represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, DNF Associates, LLC ("DNF"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  DNF operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant DNF was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Everest Receivable Services, Inc. ("Everest"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Everest operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Everest was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant DNF is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7.      Defendants DNF and Everest are each authorized to conduct business in Illinois, and maintain a registered agent here, see, records from the Illinois Secretary of

2

State, attached as Group Exhibit A.  In fact, Defendants both conduct business in

Illinois.

## FACTUAL ALLEGATIONS

8.      Ms. Eichler is a disabled senior citizen, with limited assets and income,

who fell behind on paying her bills, including a debt she allegedly owed for a Credit One

Bank credit card.  At some point in time after that debt became delinquent, another bad

debt buyer/debt collector, Razor Capital ("Razor"), bought/obtained Ms. Eichler's

alleged Credit One Bank debt.  When Razor began trying to collect the Credit One Bank

debt from Ms. Eichler, she sought the assistance of the legal aid attorneys at the

Chicago Legal Clinic's LASPD program, regarding her financial difficulties and

Defendants' collection actions.

9.      Specifically, Razor had another debt collector, J.C. Christensen &

Associates, demand payment of the Credit One Bank debt from Ms. Eichler, which did

so by sending her a collection letter dated January 20, 2014.  A copy of the January 20,

2014 collection letter is attached as Exhibit B.

10.      Accordingly, on February 28, 2014, one of Ms. Eichler's attorneys at

LASPD informed Razor that Ms. Eichler was represented by counsel, and directed

Razor to cease contacting her, and to cease all further collection activities because Ms.

Eichler was forced, by her financial circumstances, to refuse to pay her unsecured debt.

Copies of this letter and fax confirmation are attached as Exhibit C.

11.      The affect of this notice was that the debt could then only be collected

upon via a negative credit report or a lawsuit – calling or writing the consumer had to

stop.  Thereafter Defendant DNF then bought/obtained Ms. Eichler's alleged Credit One

3

Bank account, ignored the information in the account notes that told it, as the

successor-in-interest that it could no longer call or write Ms. Eichler and had Defendant

Everest send Ms. Eichler a collection letter dated April 18, 2015, demanding payment of

the Credit One Bank debt.  A copy of this collection letter is attached as Exhibit D.

12.     Moreover, Defendants knew, or should have known, that there was a

problem with the debt at issue due to the age of the portfolio of the debts that included

Plaintiff's alleged debt.  In fact, any reasonable review of the records on this account

would have shown that the account should not have been collected upon in the manner

at issue in this matter.

13.     Accordingly, on July 1, 2015, Ms. Eichler's LASPD attorneys had to send

Defendants a letter directing them to cease communications and to cease collections.

Copies of this letter and fax confirmation are attached as Exhibit E.

14.     Defendants' collection actions complained of herein occurred within one

year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had given notice in writing (Exhibit C), to Defendants' predecessor-in-interest that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By directly sending Plaintiff a collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

5

23.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable

for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Barbara Eichler, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Eichler, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Barbara Eichler, demands trial by jury.

Barbara Eichler,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: July 20, 2015

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6